**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JILL SIMONETTI,** 1086 W Bainbridge Street, Apartment B Elizabethtown, PA 17022       Plaintiff, | : : : : : | **Civil Action No.** |
| v. | : : | **Complaint and Jury Demand** |
| **MASONIC VILLAGES OF ELIZABETHTOWN,** 1 Masonic Drive Elizabethtown, PA 17022       Defendant. | : : : : : : | |

**CIVIL ACTION**

Plaintiff, Jill Simonetti (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Masonic Villages of Elizabethtown (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Family and Medical Leave Act of 1993 ("FMLA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Masonic Villages of Elizabethtown is a retirement community with a location and corporate headquarters at 1 Masonic Drive, Elizabethtown, PA 17022.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under the ADEA, the ADA and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number of 530-2022-00075 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 28, 2022. Plaintiff received the notice by electronic mail.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff was born on November 23, 1963.

23. In or around March 2016, Defendant hired Plaintiff in the position of Cosmetologist.

24. Plaintiff was well qualified for her position and performed well.

25. In or around September 2017, Plaintiff required a medical leave of absence as a reasonable accommodation for her disability.

26. In or around February 2018, Plaintiff filed a Charge of Discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her disability and retaliation for requesting a medical leave of absence.

27. By way of elaboration, the Charge alleged that Plaintiff's direct supervisor, Donna Saunders, Manager, refused to allow Plaintiff to return to work in November 2017 when she was medically cleared to return to work, and though her employment was restored in January 2018, her hours were dramatically reduced.

28. Saunders began to subject Plaintiff to ongoing retaliatory treatment based on her filing of the Charge.

29. By way of example, Saunders communicated with Plaintiff in a hostile manner, using sarcastic and passive aggressive language.

30. By way of further example, Saunders drastically limited her interaction with Plaintiff.

31. In or around September 2020, Plaintiff advised Defendant that she required treatment for Arthritis in her ankle that had caused long-term pain and swelling.

32. Said medical condition qualifies as a disability as defined by the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") as it substantially limits one or more of Plaintiff's major life activities, including, but not limited to, walking and standing.

33. In connection thereto, in or around September 2018, Plaintiff requested a reasonable accommodation to take a medical leave of absence in order to undergo surgery as treatment for her disability and exercised her right to medical leave under the Family and Medical Leave Act ("FMLA").

34. Thereafter, although Plaintiff's physician released Plaintiff to return to work with a limitation on the number of hours she could stand, Defendant refused to allow Plaintiff to return to work until she was able to work without any medical restrictions.

35. In or around December 2020, Plaintiff returned to work without restrictions.

36. Upon Plaintiff's return to work at Defendant, Saunders, who refused to allow Plaintiff to return to work following her last medical leave of absence, began to make negative comments about Plaintiff's ability to recover and make disparaging remarks about the manner in which she walked.

37. On or around August 5, 2021, Defendant terminated Plaintiff's employment, allegedly due to falsification of records.

38. Importantly, Plaintiff had merely made an error and had not "falsified" any records.

39. Defendant's articulated reason for her termination was purely pretextual.

40. Moreover, substantially younger Cosmetologists, including, but not limited to, Lindsay LNU (38 years old), made similar errors but were not terminated by Defendant.

41. It is Plaintiff's position that Defendant discriminated against her due to her age and disability, and was retaliated against for filing the Charge with the EEOC and for requesting a reasonable accommodation in violation of the ADEA, ADA and Title VII. Plaintiff also contends that she was retaliated against for exercising her rights under the FMLA

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff was 57 years old at the time of her termination.

44. Plaintiff was qualified to perform the job.

45. Defendant treated younger employees more favorably than Plaintiff.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

48. Plaintiff was terminated from Defendant.

49. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff was 57 years old at the time of her termination.

52. Plaintiff was qualified to perform the job.

53. Defendant treated younger employees more favorably than Plaintiff.

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

56. Plaintiff was terminated from Defendant.

57. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – DISABILITY DISCRIMINATION
## <u>AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED</u>

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

60. Plaintiff was qualified to perform the job.

61. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

62. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

63. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's termination.

64. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

65. The purported reason for Defendant's decision is pretextual.

66. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

67. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

70. Plaintiff was qualified to perform the job.

71. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

72. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

73. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's constructive discharge.

74. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

75. The purported reason for Defendant's decision is pretextual.

76. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

77. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

78. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

79. Plaintiff engaged in activity protected by ADA when she requested a reasonable accommodation for her disability.

80. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

81. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

82. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

83. Plaintiff engaged in activity protected by Title VII when she filed a Charge of Discrimination with the EEOC alleging disability discrimination and retaliation.

84. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

85. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

86. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

87. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation and filed a Charge of Discrimination with the EEOC alleging disability discrimination and retaliation.

88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

89. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – DISCRIMINATION/RETALIATION
## FAMILY AND MEDICAL LEAVE ACT OF 1993

90. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

91. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

92. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical condition.

93. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

94. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

95. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

96. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

97. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

98. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

99. Plaintiff demands judgment against Defendant for all available equitable relief including,

but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

100. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jill Simonetti, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, Title VII, the PHRA and the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 27, 2022        **By:** */s/ David M. Koller*
                                    David M. Koller, Esquire (90119)
                                    Jordan D. Santo, Esquire (320573)
                                    2043 Locust Street, Suite 1B
                                    Philadelphia, PA 19103
                                    215-545-8917
                                    davidk@kollerlawfirm.com
                                    jordans@kollerlawfirm.com

                                    *Counsel for Plaintiff*

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 27, 2022        **By:** */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*